IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:12-CV-00294-D

| | |
|---|---|
| MISSION ESSENTIAL PERSONNEL, LLC, )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>WORLDWIDE LANGUAGE RESOURCES, )<br>INC., and INTERNATIONAL MANAGEMENT )<br>SERVICES, INC., )<br>)<br>  Defendant )<br>_____ ) | **ORDER** |

  This matters comes before the court upon the parties' motions to seal (DE 44, 60) and the Plaintiff's motion to strike (DE 69).

*Motions to Seal*

  The parties seek to seal certain documents related to their pleadings pursuant to the Consent Confidentiality and Protective Order (DE 26).

  Defendants services including providing linguists to troops serving in Afghanistan. Given the language and security clearance requirements, they aver that the pool of qualified contractors is small. They seek an order sealing submissions that concern confidential and proprietary information that could be damaging if revealed. The information sought to be sealed includes: the deposition transcript (DE 41) and declaration (DE 42) of Stephen Costa, IMS' corporate designee; the declaration (DE 43) of Jennifer Miller, counsel to Defendants; and the memorandum in support of its motion for protective order (DE 40).

  Plaintiff, in its memorandum in opposition to Defendants' motion for a protective order, includes excerpts from Costa's deposition. To that end, it seeks, and Defendants concur, to seal

its memorandum in opposition (DEs 54, 60-1) and the exhibits containing Costa's deposition excerpts. (DEs 54-1, 60-1; 54-2, 60-2).

Inasmuch as these documents contain information of a sensitive nature, the motion to seal is warranted. Accordingly, the motions to seal are GRANTED. Docket entries 40, 41, 42, 43, 54, 54-1, 54-2, 60-1, 60-2 and 60-3 shall be SEALED.

*Motion to Strike*

Plaintiff has moved to strike a portion of Defendants' reply to its response to the motion for summary judgment (DE 51) asserting the reply raises an issue for the first time which is neither contained in the motion or supporting memorandum. Specifically, Plaintiff maintains that its complaint sought declaratory relief on several grounds, including the claim that Defendants' subcontractor agreements are unenforceable because they lack mutuality. Plaintiff moved for summary judgment on this claim. Defendants also cross-moved for summary judgment asserting the agreements did not fail for want of mutuality and that there was no case or controversy to support declaratory relief. Plaintiff contends that in their reply, Defendants asserts, for the first time, that Plaintiff's other grounds for relief lack merit and they are entitled to summary judgment thereon.

Defendants assert that Plaintiff has indicated its intent not to pursue various issues related to its claim and that its motion for summary judgment failed to indicate it was seeking less than full relief, arguments it raised in their memorandum in support of summary judgment. When Plaintiff responded in it memorandum in opposition to Defendants' motion for summary judgment that it had not abandoned its other bases for relief, and that such bases will remain pending regardless of the outcome of the summary judgment motions. Defendants responded, in their reply memorandum, that resolution of the cross-motions from summary judgment will

resolve the case in its entirety.

Generally, "an argument raised for the first time in a reply brief or memorandum will not be considered[.]" *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 734–35 (D. Md. 2006). The rationale behind this rule is to avoid prejudice to the party who is not afforded a chance to rebut a new argument. *Id*. Moreover, under Local Rule 7.1(f)(1), a party may reply "to matters initially raised in a response to a motion or in accompanying supporting documents[.]" (E.D.N.C.).

Despite Plaintiff's contention that Defendants raise these issues, for the first time, in their reply, Defendant's "new" arguments are more correctly characterized as responsive arguments to the claims raised in the Plaintiff's opposition brief which, in turn, addressed the arguments asserted in Defendants' supporting memorandum. Consequently, the motion to strike is DENIED.

SO ORDER in Chambers in Raleigh, North Carolina September 11, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE