IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-294-D

| | | |
|---|---|---|
| MISSION ESSENTIAL PERSONNEL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WORLDWIDE LANGUAGE RESOURCES, | ) | |
| INC., and INTERNATIONAL MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

The parties in this case compete in the specialized business of providing linguist support to the United States military overseas, including in Afghanistan. [D.E. 1] 2–3, [D.E. 33], [D.E. 40] 1. At all relevant times, defendant WorldWide Language Resources, Inc. ("WWLR") was a subcontractor to defendant International Management Services, Inc. ("IMS") in connection with IMS's contract with the NATO Support Agency ("NSPA") to provide linguists in support of Operation Enduring Freedom - Afghanistan. [D.E. 1] 3, [D.E. 40] 2. To that end, WWLR and IMS recruit, vet, and train qualified linguists who then deploy overseas and serve alongside troops. Mission Essential Personnel, LLC ("MEP") also seeks to recruit, vet, and train linguists and provide them to the United States military via government contracts. The contracts for the companies and the linguists apparently are very lucrative. Moreover, given the stringent security clearance and language skills requirements, the parties spend substantial resources recruiting, vetting, and training linguists and compete fiercely for qualified linguists. [D.E. 52] 4.

Once the linguist completes training, defendants provide the linguist with a contract in which the linguist agrees to work for one of the defendants for a set period of time. Id. 5. The contracts

specify a scheduled start date and scheduled end date. Defendants claim that the project to which a linguist is to be assigned is identified in the contract and that once a linguist signs the contract, the linguist deploys overseas within a matter of days. Id. 7–8.

On May 25, 2012, MEP filed a declaratory judgment action against defendants. See [D.E. 1]. The court has jurisdiction based on diversity. Id. 1–2. MEP asks the court to declare that the contracts between the linguists and the defendants are unenforceable. See id. 6–9. According to MEP, defendants have threatened to sue MEP in tort if MEP seeks to offer employment to any of the linguists under contract with the defendants. See id. MEP contends that the requested declaratory judgment would negate defendants' threatened lawsuit. See id.

On December 11, 2012, MEP filed a motion for summary judgment [D.E. 35]. On January 15, 2013, defendants filed a cross-motion for summary judgment and an opposition to MEP's motion for summary judgment [D.E. 51]. Each side timely responded and replied. See [D.E. 51, 52, 66, 68].

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom

in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

As for MEP's motion for summary judgment, MEP filed it on December 11, 2012. See [D.E. 35]. On that same date, MEP filed on the docket an entry entitled "Memorandum in Support of D.E. 35 Motion for Summary Judgment" with attached exhibits. See [D.E. 37]. This document, however, is a copy of the motion at [D.E. 35] with numerous exhibits, and not a memorandum in support of the motion. Given that the docket in this case has numerous filings and docket entry captions, the court has reviewed the docket to determine if MEP ever filed with the court a memorandum in support of its motion for summary judgment, but has not located one. Although MEP did not file a memorandum in support of its motion for summary judgment with the court, it apparently served the memorandum on defendants. See [D.E. 47] 1–2.

Local Civil Rule 7.1(d) states that a motion "shall be filed with an accompanying supporting memorandum." Local Civil Rule 7.1(d), EDNC. MEP did not comply with this local rule, and a court may deny a party's motion for failure to comply with Local Civil Rule 7.1. See Higgins v. Spence & Spence, PA., No. 5:07-CV-33-D(1), 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished) (collecting cases); Masinick v. Am. Craftsmen, Inc., No. 5:07–CV–461–BR, 2008 WL 483456, at *2 (E.D.N.C. Feb. 19, 2008) (unpublished); Nationwide Mut. Ins. Co. v. McMahon, 365 F. Supp. 2d 671, 673 (E.D.N.C. 2005); accord Fayetteville, Cumberland Cnty. Black Democratic Caucus v. Cumberland Cnty., 927 F.2d 595 (table), 1991 WL 23590, at *2–3 (4th Cir. 1991) (per curiam) (unpublished) (affirming district court's denial of motion based on party's violation of

3

predecessor to Local Civil Rule 7.1). Accordingly, MEP's motion for summary judgment [D.E. 35] is denied.

As for defendants' cross-motion for summary judgment, defendants initially challenge MEP's ability to seek declaratory relief concerning the contracts between defendants and the linguists. In support, defendants note the general principle that a party does not possess standing to bring a declaratory judgment action concerning rights and obligations under a contract to which it is neither a party nor a third-party beneficiary. See, e.g., Grondal v. United States, 682 F. Supp. 2d 1203, 1220 (E.D. Wash. 2010); Mardian Equip. Co. v. St. Paul Fire & Marine Ins. Co., No. CV-05-2729, 2006 WL 2456214, at *5–6 (D. Ariz. Aug. 22, 2006). Nonetheless, a specific threat of litigation concerning a contract directed at a non-party to the contract can be sufficient to give rise to a case or controversy under Article III of the Constitution and 28 U.S.C. § 2201 in certain circumstances. See, e.g., GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567–70 (11th Cir. 1995); Lufthansa Sys. Infratec GmbH v. Wi-SKY Inflight, Inc., No. 3:10CV745-JAG, 2011 WL 862314, at *7–9 (E.D. Va. Mar. 9, 2011); Arbitrationchampions.com v. Councilors of the N.C. State Bar, No. 07CV00246, 2007 WL 4180768, at *2 (M.D.N.C. Nov. 16, 2007); see generally Golden v. Zwickler, 394 U.S. 103, 108 (1969) (discussing relationship between Article III case-or-controversy requirement and the Declaratory Judgment Act); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–40 (1937) (same).

Here, MEP contends, and defendants do not contest, that defendants threatened to sue MEP in tort if MEP hired any linguists under contract with defendants. MEP filed this action in order to obtain a declaration of the rights and obligations arising under the contracts between defendants and the linguists. When MEP filed the action it sought to contact, recruit, and hire linguists under contract with defendants. In response, defendants repeatedly told MEP that such conduct would,

4

inter alia, constitute tortious interference with contract and that defendants would sue MEP in tort if it hired any linguists under contract with defendants. MEP filed this lawsuit to obtain a declaration that the contracts between the linguists and defendants are unenforceable under North Carolina law. Under these circumstances, an actual case or controversy exists under Article III. See, e.g., GTE Directories Pub. Corp., 67 F.3d at 1567–70; Lufthansa Sys. Infratec GmbH, 2011 WL 862314, at *7–9. Thus, the court has jurisdiction.

As for the merits, the parties agree that North Carolina law governs the contracts at issue between the defendants and the linguists. After agreeing on the choice of law, the parties do not agree on much else. Having reviewed the entire record in the light most favorable to MEP (the non-movant), the court concludes that genuine issues of material fact exist. Accordingly, defendants' cross-motion for summary judgment is denied.

In sum, plaintiff's motion for summary judgment [D.E. 35] is DENIED, and defendants' cross-motion for summary judgment [D.E. 51] is DENIED. Plaintiff's objection [D.E. 76] to Magistrate Judge Webb's order of September 24, 2013 is OVERRULED. No party requested a jury trial. Thus, the matter is set for a bench trial to begin at 2:00 p.m. on December 19, 2013. The trial will continue, if necessary, on December 20, 2013, and conclude on that date. The court will enter a separate trial management order.

SO ORDERED. This 27 day of September 2013.

JAMES C. DEVER III
Chief United States District Judge

5